IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BETTY J. KENNELL, <u>et al.</u>        *
                                       *
v.                                     *
                                       *    Civil Action No. WMN-09-833
AVIS BUDGET GROUP, INC.                *
<u>et al.</u>                          *
                                       *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**<u>MEMORANDUM</u>**

Before the Court are the following motions: The Joyce
Agency, Inc.'s (Joyce Agency) motions to dismiss, in part, the
cross-claims filed by Bay Shore Development Corporation (Bay
Shore), Eric Martinenza, and All About Plumbing (AAP), Paper
Nos. 38, 46, and 47, respectively, and Heat Transfer Products,
Inc.'s (HTP) and R.E. Michel Company, Inc.'s (R.E. Michel)
motion to strike or dismiss the cross-claim filed by Bay Shore.
Paper No. 41.  The motions are all fully briefed.  Upon review
of the pleadings and the applicable case law, the Court
determines that no hearing in necessary (Local Rule 105.6) and
that the motions relating to Defendant Bay Shore's cross-claims
will be denied and those relating to the cross-claims of
Martinenza and AAP will be granted in part and denied in part,
as set forth below.

This action arises out of an occurrence in which the five
Plaintiffs allegedly suffered carbon monoxide poisoning while

guests at an Ocean City, Maryland hotel in June of 2006.
Defendant Bay Shore owned and operated the hotel at which
Plaintiffs were staying.  The alleged source of the carbon
monoxide was a Munchkin brand water heater installed in the
basement below the Plaintiffs' rooms.  According to the
Complaint, Bay Shore had contracted with Defendant AAP to buy or
replace a water heater for the hotel.  Defendant AAP relayed the
information and specifications to Defendant R.E. Michel and R.E.
Michel recommended the specific Munchkin water heater that was
installed.  The Munchkin water heater was designed and
manufactured by Defendant HTP.

    Because the Munchkin water heater was manufactured to
operate on natural gas and as there is no natural gas service in
Ocean City, R.E. Michel informed AAP that a "conversion kit"
would be needed to install the heater.  When questions arose
concerning the installation of the water heater and the
conversion kit, AAP again contacted R.E. Michel and R.E. Michel,
in turn, put AAP in contact with Defendant Joyce Agency.  A
Joyce Agency employee allegedly instructed AAP on how to install
the water heater and conversion kit.  Defendant Eric Martinenza,
an AAP employee, was one of the individuals directly and
personally involved in the installation of the Munchkin water
heater.  It is also alleged that other defendants were
performing maintenance work in the basement and dislodged the

2

vent pipe from the water heater, causing the release of carbon monoxide into the rooms above.  The Complaint names a total of 13 different defendants, including Bay Shore, Joyce Agency, HTP, R.E. Michel, AAP, and Martinenza.

After answering the Complaint, Defendants Bay Shore, AAP, and Martinenza proceeded to file, as separate pleadings, cross-claims against other defendants for indemnity and contribution. All four of the pending motions to dismiss challenge the entitlement of the cross-claimants to indemnity.  The motion to dismiss filed by HTP and R.E. Michel also raises two additional arguments: (1) that free standing cross-claims are not permitted under the Federal Rules of Civil Procedure; and (2) that the cross-claims for contribution are either premature or superfluous.

The Court turns first to the issue of indemnity.  Maryland courts, including this Court, have long recognized a right to indemnity "where the character of one tortfeasor's conduct is significantly different from that of another who is also liable for the same damages."  Pyramid Condominium Assoc. v. Morgan, 606 F. Supp. 592, 595 (D. Md. 1985) (citing Blockston v. United States, 278 F. Supp. 576, 585 (D. Md. 1968) and Gardenvillage Realty v. Russo, 366 A.2d 101 (Md. Ct. Spec. App. 1976)).  "A party may be entitled to receive indemnification where his own conduct, although negligent, is considered to be passive or

secondary." <u>Pyramid</u>, 606 F. Supp. at 595.  As this Court has
explained, there is under Maryland law "'a group of special
situations and relationships where it has seemed reasonable to
impose an ultimate responsibility on a party seeming to have
played the active role in the negligence situation in favor of
one who is made answerable to the injured party, but whose part
in the event is passive or arises from the effect of public
policy, contract, or status.'" <u>Id.</u> (quoting <u>Blockston</u>, 278 F.
Supp. at 585).  Those circumstances where one negligent party
can pass liability completely onto another negligent party,
however, are "'closely circumscribed.'"  <u>Id.</u>  Furthermore, "it
is well established under Maryland law that one who is guilty of
active negligence cannot obtain tort indemnification." <u>Franklin
v. Morrison</u>, 711 A.2d 177, 185-87 (Md. 1998); <u>see also</u> <u>Richards
v. Freeman</u>, 179 F. Supp. 2d 556, 560 (D. Md. 2002) ("If the
alleged conduct attributed to [the party] is active negligence,
or if it is clear from the complaint that [the party]'s
negligence would only arise from proof of active negligence,
then there is no valid claim for indemnity.").

In arguing that they could potentially be entitled to
indemnity from HTP and R.E. Michel, Martinenza and AAP contend
that if the jury were to find, as is alleged in the Complaint,
that HTP negligently manufactured the Munchkin heater, and R.E.
Michel negligently distributed it, then "it would have been

impossible for [Martinenza and AAP] to properly install, modify or adjust an improperly manufactured and distributed product." Paper No. 53-2 at 3; Paper No. 55-2 at 3.  In arguing that they could potentially be entitled to indemnity from Joyce Agency, Martinenza and AAP contend that, in converting the Munchkin heater from natural gas to liquid propane, they "relied on and followed the specific instructions provided by The Joyce Agency."  Without those erroneous instructions, they assert, they would not have been able to convert the Munchkin and, thus, their actions were clearly secondary to those of Joyce Agency. Paper No. 56-2 at 3; Paper No. 57-2 at 3.

The Court believes that these potential jury findings posited by Martinenza and AAP would support, not the conclusion that these Defendants are secondarily or passively negligent, but that they are simply not liable at all.  Were a jury to find that the carbon monoxide leaked, not due to these Defendants' negligence in installing the water heater but instead because of a defect in the water heater of which Martinenza and AAP would not reasonably have been aware, there would be no basis for imposing any liability on Martinenza or AAP for which they would need to be indemnified.  Similarly, if a jury were to find that the leak occurred due to the erroneous instructions provided by Joyce Agency, there would be no basis for imposing liability on Martinenza or AAP as "[i]t is generally held that a contractor

5

or a subcontractor is not liable for defects in the work if he has merely carried out plans, specifications or directions given him, unless the plans or directions are so obviously dangerous or defective that no reasonable man would follow them." <u>Walter Brooks Bradley, Inc. v. N. H. Yates & Co.</u>, 146 A.2d 433, 437 (Md. 1958).

On the other hand, if Martinenza and/or AAP are found to have been negligent, it could only be for some active form of conduct on their part.  The allegations of negligence against these defendants for which they could be held liable relate to the installation, venting, testing, and servicing of the water heater – all active conduct.  Thus, it is correct that there are no circumstances under which these two Defendants could be found liable and yet also entitled to indemnity.  The motions to dismiss Martinenza's and AAP's cross-claims for indemnity will be granted.

The Court finds that Bay Shore's claim for indemnity, however, could be viable.  It is true, as Bay Shore acknowledges, that some of Plaintiffs' allegations concerning its conduct involve active negligence.  <u>See</u> Paper No. 50 at 3, citing Compl. ¶ 61(l) (alleging that Bay Shore tampered with the vent).  Other of Plaintiffs' allegations of negligence on the part of Bay Shore, however, are clearly passive in nature. Plaintiffs allege that Bay Shore was negligent in "failing to

timely discover and correct a dangerous condition existing within the hotel." Compl. ¶ 61(n).  Liability for this class of conduct is one of the "'established applications'" under which Maryland courts have found that indemnity is appropriate.  Pulte Home Corp. v. Parex, Inc., 942 A.2d 722, 731 (Md. 2008) (quoting Restatement (Second) of Torts, § 886B).  "'Instances in which indemnity is granted [] include the following: . . . [t]he indemnitor supplied a defective chattel or performed defective work upon land or buildings as a result of which both [indemnitor and indemnitee] were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect.'"  Id.; see also Pyramid, 606 F. Supp. at 596 ("A right to indemnity is commonly recognized where . . . the indemnitee's negligence is based upon a failure to inspect and thereby discover a defect in an article manufactured by the indemnitor.").

Relying on this Court's decision in Pyramid, Joyce Agency argues that, as long as the Complaint contains some allegation of active negligence on the part of a defendant, that defendant cannot be entitled to indemnity.  Paper No. 60 at 2.  In Pyramid, a condominium association filed suit against the architect (Morgan) and the engineer (ATEC) involved in the construction of its building.  Morgan and ATEC then filed claims for indemnity against the financial institutions that financed

the project.  In discussing the indemnity claims, this Court did
opine in the language cited by Joyce Agency that "[i]f the
plaintiff's complaint alleges conduct by the third-party
plaintiff that would constitute active negligence, or if it is
clear from the circumstances revealed by the plaintiff's
complaint that the defendant's (third-party plaintiff) liability
would only arise, if at all, from proof of active negligence,
there is no basis for an indemnity claim and dismissal of the
claim is appropriate."  606 F. Supp at 596.

The Court in Pyramid, however, went on and noted that the
complaint contained only allegations of active negligence
against these defendants.

> The plaintiff has not specifically alleged that Morgan
> is liable vicariously or that Morgan engaged in acts
> constituting passive negligence only; nor is defendant
> Morgan situated in the sequence of events in such a
> way as to allow a trier of fact to conclude that it is
> liable under any theory other than one of active
> negligence.
>
> . . .
>
> In its complaint, [the plaintiff] has not alleged
> specifically that ATEC engaged in acts constituting
> only passive negligence nor can such an inference
> reasonably be drawn from the allegations in the
> complaint.

606 F. Supp. at 597.  On that basis, the Court concluded that
the parties seeking indemnification would be liable, "if at all,
as active and/or intentional tortfeasors," and dismissed the
indemnity claims.  Id.  Because, in contrast, a jury could find

here that Bay Shore was only liable to Plaintiffs for passive
negligence, the motions to dismiss Bay Shore's cross-claims for
indemnity will be denied.

As for the two additional grounds for dismissal raised by
Defendants HTP and R.E. Michel, the Court finds some merit but,
nonetheless, will not dismiss the cross-claims.  Defendants HTP
and R.E. Michel correctly observe that a cross-claim is not one
of the permissible pleadings listed in Rule 7.  See Fed. R. Civ.
P. 7;[1] see also Fireman's Fund McGee Marine Underwriters v. A & B
Welding & Mfg., Inc., Civ. No. 4-576, 2005 WL 568055 (W.D. Wisc.
March 8, 2005) ("a 'cross-claim' is not a 'pleading' as
permitted by Fed. R. Civ. P. 7").[2]  Thus, all of the cross-claims
filed in this action could be stricken on that ground.

The result of striking the cross-claims, however, would be
that the cross-claimants would simply seek leave to re-file
their cross-claims as amendments to their answers.  At this
stage, the Court sees no benefit in generating another round of
pleadings.  The Court notes, in passing, that in a different

---

[1]  The Rule states in pertinent part that "[o]nly these pleadings
are allowed: (1) a complaint; (2) and answer to a complaint; (3)
an answer to a counterclaim designated as a counterclaim; (4) an
answer to a crossclaim; (5) a third-party complaint; (6) an
answer to a third-party complaint; and (7) if the court orders
one, a reply to an answer."  Fed. R. Civ. P. 7(a).

[2] But see, Castleberry v. Goldome Credit Corp., 408 F.3d 773, 784
n.11 (11th Cir. 2005) (opining that "a cross-claim under the
federal rules is considered a separate pleading which can be
made outside of the context of a responsive pleading").

suit involving these same parties and another carbon monoxide poisoning allegedly caused by the same water heater, R.E. Michel itself filed a stand-alone cross-claim.  See Boughter v. Bay Shore Development Corp., Civil No. WMN-08-424 (D. Md.), Paper No. 52.  The better practice, of course, would be to include cross-claims in the answers to the complaint.

Defendants HTP and R.E. Michel are also correct that the asserted claims for contribution might be superfluous as defendants who are found to be liable to Plaintiffs would be entitled to contribution from other defendants found to be joint tort-feasors by operation of the Maryland Uniform Contribution Among Joint Tort-Feasors Act, Md. Code Ann., Cts. & Jud. Proc. § 3-1401 et seq.  They are also correct that, under that statute, a party is not entitled to contribution until that party has "by payment discharged the common liability or has paid more than a pro-rata share."  Id. § 3-1402(b).  Nonetheless, the Federal Rules of Civil Procedure would seem to specifically allow cross-claims for contribution.  Fed. R. Civ. P. 13(g) ("The cross-claim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."); see also Pouliot v. Paul Arpin Van Lines, Inc., 303 F. Supp. 2d 135, 138 (D. Conn. 2004) (holding that defendant could assert cross-claim against co-

defendant for contribution even if claim had not yet accrued
under state law).

   For the above-stated reasons, the Court will deny the
motions to dismiss, except as they relate to the indemnity
claims brought by Martinenza and AAP.  A separate order will
issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: August 6, 2009